## LEVI COTTON MILLS CO. v. FRIED.

(Supreme Court, Appellate Term. February 11, 1907.)

ACCORD AND SATISFACTION—PART PAYMENT—EFFECT OF RECEIPT IN FULL.

    Defendant, as plaintiff's attorney, collected money in a suit and retained a certain per cent. for services in the trial court and $500 for services on appeal. Plaintiff objected to the fee of $500, and defendant gave it a check for $225, which was indorsed in full of all demands. Plaintiff now sues to recover the overcharge on the $500 fee and overcharges for disbursements, etc., in all amounting to $389.80. Defendant admitted that plaintiff was entitled to recover $43.41, but set up the defense of accord and satisfaction to plaintiff's entire claim. *Held*, that the defense of accord and satisfaction was good only as to the $500 fee, and the plaintiff was entitled to recover the balance of his claim.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by the Levi Cotton Mills Company against Joseph Fried. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Cohen Bros., for appellant.

Fried & Czaki (Frederick M. Czaki, of counsel), for respondent.

AMEND, J. The plaintiff appeals from a judgment in favor of the defendant. The plaintiff in 1901 employed the defendant to bring a suit in the United States Circuit Court, and the defendant collected in that suit after an appeal, and in 1904 turned over the proceeds to the plaintiff, less the amount retained by him for his fees and disbursements. The defendant deducted 25 per cent., claiming a specific con-

tingent agreement for that amount to cover services including the trial and $500 for services in the Circuit Court of Appeals. Some controversy arose as to the $500 charge, and in July, 1904, the defendant, or his then firm, paid to the plaintiff $225 in a check for that amount to its order, which was indorsed in full of all demands. The plaintiff in this action sued to recover $389.80, which included $275, the balance of $500 charge, less $225 paid as above, and certain other amounts, alleged overcharges for disbursements, costs, etc. The pleadings were oral, and the defense was a general denial, accord and satisfaction, estoppel, and payment. At the commencement of this trial the defendant's counsel made the following concession:

"That the plaintiff is entitled to recover against the defendant the sum of $43.41, the concession being made upon the express condition that it is without prejudice to the defendant's right to rely with full force and virtue upon the defense of accord and satisfaction, which has been pleaded, and the concession is accepted by the plaintiff upon that condition."

The court found in favor of the defendant. I think the finding was justified, upon the proofs in the case, so far as the general controversy between the parties was concerned, but that the defense of accord and satisfaction was good only as to the $500 fee, and the plaintiff was entitled to recover the sum of $43.41, which the defendant conceded was due.

The judgment, therefore, should be modified, by directing judgment in favor of the plaintiff against the defendant for $43.41, and, as so modified, affirmed, without costs.     All concur.